# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                          Case No. 06-CR-34

TACOBY MAURICE DAVIS,

       Defendant.

_____

## ORDER

Defendant Tacoby Maurice Davis ("Davis") pled guilty to and was convicted of Conspiracy to Distribute 50 Grams or More of Cocaine Base and Possession of a Firearm in Relation to a Drug Trafficking Crime. On October 17, 2006, this court imposed a sentence of 292 months on the first count and a consecutive sentence of 60 months on the second count. The court later granted Davis's motion under 18 U.S.C. § 3582(c)(2), regarding the amendment of the crack cocaine guidelines, and reduced his sentence on Count One to 235 months. Davis now seeks to have this sentence vacated and files a petition for a writ of error coram nobis asserting that the court employed an incorrect criminal history category in calculating his guideline sentencing range.

The writ of error coram nobis is a common law writ applicable to criminal proceedings and has no time limitation. *United States v. Morgan*, 346 U.S. 502, 507 (1954). The writ is an extraordinary remedy and may be used when errors of fact "of the most fundamental character" occurred and rendered the criminal proceeding

itself "irregular and invalid." *United States v. Scherer*, 673 F.2d 176, 178 (7th Cir. 1982) (quoting *United States v. Addonizio*, 442 U.S. 178, 186 (1979)).

Davis argues that the court should grant a writ of error coram nobis in his case because the criminal history category used to calculate his guideline sentencing range wrongly included three juvenile convictions. Davis asserts that the use of his juvenile convictions constitutes an error of "the most fundamental character" because it caused the court to impose a longer sentence than appropriate. Davis specifically objects to the inclusion of his October 31, 1994 juvenile adjudications for Disorderly Conduct and Burglary, and his August 15, 1995 adjudication for Possession of a Dangerous Weapon by a Child, in his criminal history determination. Davis argues that the three juvenile convictions cannot be counted in the calculation of his criminal history points, pursuant to U.S.S.G § 4A1.2(d), because they occurred more than five years prior to his federal convictions.

Unfortunately for Davis, he misunderstands the significance of the sentencing guideline he cites. It is true that Davis's juvenile convictions occurred more than five years before his 2006 conviction and sentencing. However, the dates of Davis's conviction and sentencing are not determinative. The relevant inquiry is whether Davis's juvenile adjudications occurred more than five years prior to the unlawful conduct underlying his federal offenses. This is because the sentencing guidelines state that one criminal history point is added for each "juvenile sentence imposed within five years of the defendant's *commencement* of the instant offense." U.S.S.G.

§ 4A1.2(d)(2)(B) (emphasis added). The phrase "commencement of the instant offense" includes any relevant conduct. U.S.S.G. § 4A1.2 cmt. n.8.

Davis's relevant conduct began in early 1999, less than five years prior to his October 1994 and August 1995 juvenile adjudications. Indeed, Count One of Davis's indictment charges that "between early 1999 and March of 2005," Davis was involved in a drug conspiracy to distribute crack cocaine. (*See* Dk #10). Davis pled guilty to this charge and accepted the factual basis for the charge as true and correct at his April 25, 2006, change of plea hearing. (*See* Dk #28). Therefore, the juvenile sentences were imposed within five years of the commencement of Davis's offenses and they were appropriately assigned criminal history points. Consequently, no "fundamental" error of fact occurred and Davis's criminal proceeding was not "irregular and invalid." Davis's case does not warrant the extraordinary remedy of granting a writ of error of coram nobis.

Accordingly,

**IT IS ORDERED** that Davis's Petition for a Writ of Error Coram Nobis (Docket #63) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-